## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COREY MUNFORD** | : | **No. 15-376-7** |

## MEMORANDUM

PRATTER, J.                                                                                     APRIL 14, 2021

Corey Munford is serving a 150-month sentence and seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Munford argues that relief is warranted because he received ineffective assistance of counsel and because of Due Process violations.[1] The Government disagrees. For the following reasons, the Court will deny Mr. Munford's *pro se* § 2255 motion.

### BACKGROUND

Mr. Munford was involved in a conspiracy to bring large quantities of cocaine and marijuana to the Philadelphia area from late 2009 through early 2012. In May 2016, Mr. Munford was charged in a superseding indictment with conspiracy to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A) (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 12); and criminal forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

---

[1] After Mr. Munford filed his initial § 2255 motion on an incorrect form, the Court ordered the Clerk of Court to provide him with the current standard form and instructed Mr. Munford to complete, sign, and return the new form. Mr. Munford did so, but did not attach the memorandum of law that he had included with his initial motion. Because Mr. Munford references this memorandum in his most recent § 2255 motion (under the supporting facts section of each ground for relief Mr. Munford states "See: Memorandum and Brief in Support"), and because the Government responded to Mr. Munford's arguments in the memorandum, the Court considers Mr. Munford's memorandum as if it were also attached to his most recent motion.

In May 2017, pursuant to a written plea agreement, Mr. Munford pled guilty to the drug and money laundering conspiracy counts. The agreement acknowledged, among other things, that Mr. Munford was responsible for helping traffic certain amounts of cocaine and marijuana and that he faced a mandatory minimum sentence of 10 years' imprisonment. It also provided that, in exchange for the benefit he was receiving under the agreement, Mr. Munford was waiving his right to challenge his sentence on appeal or collateral review (with some limited exceptions).

In December 2017, the Court sentenced Mr. Munford to 150 months' imprisonment to be followed by five years of supervised release. Mr. Munford did not file a direct appeal. In December 2018, he filed his initial motion under § 2255 and then filed another motion on the correct form the following month.

## LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that the sentence violated the Constitution or laws of the United States, or that the court which imposed the sentence lacked jurisdiction. 28 U.S.C. § 2255(a). "The court is to construe a prisoner's *pro se* pleading liberally." *United States v. Sotomayor*, 146 F. Supp. 3d 667, 668 (E.D. Pa. 2015) (citation omitted).

## DISCUSSION

Mr. Munford makes two claims for ineffective assistance of counsel in his motion. First, he argues that his trial attorney was ineffective by deciding not to object to the "obstruction of justice" enhancement included in the calculation of his guideline sentencing range. As a result, Mr. Munford contends that an unreasonable sentence was imposed on him. Second, he argues that his trial attorney failed to seek a sentence reduction based on Mr. Munford's alleged "minor role" in the conspiracy. Lastly, Mr. Munford contends that his Due Process rights were violated.

2

## I.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, the United States Supreme Court stated a two-pronged test for reviewing claims for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). "A petitioner must prove both (1) that 'counsel's representation fell below an objective standard of reasonableness' and (2) that petitioner was prejudiced by that subpar performance." *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 544 (3d Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). As to prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Neither of Mr. Munford's ineffective assistance of counsel arguments satisfy the *Strickland* test. First, Mr. Munford argues that his attorney provided ineffective assistance of counsel[2] because he did not object to the "obstruction of justice" enhancement that was applied in the calculation of his guideline sentencing range.[3] He asserts that his trial attorney "performed deficiently" and the Court could have reached an "alternative sentence" because even though "obstruction of justice is a[n] act of aggravation," Mr. Munford "accept[ed] his responsibility" and "enter[ed] a timely plea."

Mr. Munford cannot carry his burden under *Strickland*. First, nothing shows that Mr. Munford's attorney's performance fell below an objective level of reasonableness when he chose not to object to the obstruction of justice enhancement. As the Government argues, Mr. Munford's attorney "had no legitimate basis upon which to lodge such an objection." It is

---

[2]    In his motion, Mr. Munford lists "unreasonableness of sentence" as ground one. When read in conjunction with his memorandum, this ground for relief is an ineffective assistance of counsel claim whereby Mr. Munford contends that his counsel's alleged inaction led to the imposition of an "unreasonable" sentence. In ground two, Mr. Munford specifically lists "ineffective assistance of counsel; Sixth Amendment Violation."

[3]    The obstruction of justice enhancement resulted from Mr. Munford providing false testimony in a Delaware County trial against some of his co-conspirators to protect them from criminal punishment.

undisputed that Mr. Munford purposefully lied under oath in the Delaware County trial to shield his co-conspirators from criminal responsibility for the same conduct that gave rise to this indictment. In fact, in his § 2255 motion, Mr. Munford candidly admits that "lying for co-conspirators is not [a] very smart thing to do."

Here, an obstruction of justice enhancement for Mr. Munford's guideline sentencing range was warranted, and Mr. Munford's counsel was not ineffective in choosing not to object to it. *See United States v. Imenec*, 193 F.3d 206, 209 (3d Cir. 1999) (concluding that "enhancement is appropriate where the defendant has obstructed a prosecution based on the same criminal conduct underlying the offense of conviction even though that prosecution is going forward in a state court"). Thus, Mr. Munford cannot show that his attorney's performance was deficient under *Strickland*, or that he was prejudiced as a result of his attorney's lack of an objection to the obstruction enhancement.

Second, Mr. Munford argues that his counsel was ineffective because he failed "to discuss the prospect of requesting a 'minor role' adjustment" and this "lack of advocacy for the [m]inor role adjustment resulted in an unreasonable sentence." But, as stated above, under *Strickland*, Mr. Munford must demonstrate that his attorney's conduct was objectively unreasonable and that he was prejudiced as a result. 466 U.S. at 687-88. Here, Mr. Munford's attorney actually *did* argue that Mr. Munford should receive a lesser sentence due to his "minor role" in the drug and money laundering conspiracies. The opening paragraph of Mr. Munford's sentencing memorandum states that a sentence of 120 months "would reflect Mr. Munford's relatively minor role in the offense." Mr. Munford's attorney argued that Mr. Munford should receive a sentence less than the advisory sentencing guidelines because of his "minor role" and such a downward variance would align with the sentencing goals under 18 U.S.C. § 3553(a).

4

The sole difference between what Mr. Munford appears to argue now and what his attorney advocated for, is that his attorney sought a downward variance due to Mr. Munford's purported "minor role" under the Section 3553(a) factors, whereas Mr. Munford seems to contend that such an argument should have been predicated on the sentencing guidelines. *See* USSG § 3B1.2. That said, Mr. Munford also states in his motion that "counsel failed to advocate for a minor role reduction in light of the factors set forth in 18 U.S.C. § 3553(a)." But this is clearly belied by the record.

The Court is also unconvinced by Mr. Munford's argument that his attorney should have focused his argument on the sentencing guidelines *per se*. Mr. Munford's attorney demonstrated reasonable conduct in his strategic choices in terms of the arguments he made to the Court regarding sentencing. Where counsel pursues what "might be considered sound trial strategy," then "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Mr. Munford has not overcome that presumption. Furthermore, while Mr. Munford's attorney argued that Mr. Munford had only played a minor role in this criminal organization, the Court expressly noted that he had played an "important role" and that his conduct had "actually carried on for a long enough period of time." For these reasons, Mr. Munford has failed to show how his attorney's conduct fell below an objective standard of reasonableness and that he was prejudiced as a result of that conduct.

**II.     Due Process Violations**

Finally, Mr. Munford lists the following remaining grounds for relief: "Due Process/Relevant Conduct; Miscalculation of Guidelines" and "Due Process Supervised Rel[ease]." As explained earlier, for each of these grounds Mr. Munford refers the Court to his

5

"Memorandum and Brief in Support."[4] However, the final section of Mr. Munford's memorandum does not expand upon these arguments or otherwise explain why he believes he was denied Due Process. Instead, the remaining section of his memorandum is styled as another attempt to demonstrate why he believes he received ineffective assistance of counsel.

Despite liberally construing both his motion and the accompanying memorandum, the Court is unable to discern any arguments related to Due Process violations. In any event, by way of his written plea agreement, Mr. Munford voluntarily and expressly agreed to waive any "rights to appeal or collaterally attack" his conviction except to challenge a sentence above the statutory maximum, an upward departure or variance by the sentencing judge, or ineffective assistance of counsel. Mr. Munford's sentence was not above the statutory maximum and there was no upward departure or variance at his sentencing. Mr. Munford did allege ineffective assistance of counsel, but, as previously discussed, his claims fail under the *Strickland* test. Even if the Court could discern what alleged Due Process violations Mr. Munford is referring to, such arguments are barred by the waiver that he agreed to as part of his signed plea agreement. Mr. Munford has not asserted any additional claims that would be viable under § 2255.

---

[4]     *See supra*, note 1.

6

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Munford's motion to vacate, set aside, or correct his sentence under § 2255. An appropriate order follows.[5]

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[5]     When issuing a final order denying a § 2255 motion, the Court must determine whether a certificate of appealability should issue.  28 U.S.C. § 2253(c)(2).  Because the Court finds that Mr. Munford has not demonstrated a substantial denial of a constitutional right, a certificate will not issue.

7