IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **COREY MUNFORD** | : | **No. 15-376-7** |

# MEMORANDUM

PRATTER, J.                                                                                                                          NOVEMBER ___, 2021

      Corey Munford seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The primary basis for his motion, as with his previous motions for compassionate release, is the COVID-19 pandemic and attendant conditions relating to the pandemic as they may affect him.[1] The Government opposes Mr. Munford's motion. For the following reasons, the Court denies Mr. Munford's motion for compassionate release.

## BACKGROUND

### I. Mr. Munford's Criminal Conduct

      From late 2009 through early 2012, Mr. Munford was part of a large-scale drug trafficking organization that brought in large quantities of cocaine and marijuana to the Philadelphia area. Doc. No. 771, at 1. In May 2016, Mr. Munford was charged in a superseding indictment with conspiracy to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A) (Count 1); conspiracy to commit

---

[1] Mr. Munford filed his first motion for compassionate release in September 2020. Doc. No. 737. About two months later, he filed a second motion for compassionate release, which the Court construed as a supplement to his first. Doc. No. 763. The Court denied Mr. Munford's motions on January 12, 2021. Doc. No. 783. Mr. Munford submitted two more letters requesting compassionate release filed on June 29, 2021 and September 8, 2021, which the Court construed as a motion for compassionate release. Doc. Nos. 808 & 824. Mr. Munford also submitted a letter seeking reconsideration on October 28, 2021 misconstruing the Government's September 20, 2021 response in opposition as a new denial by this Court. Doc. No. 835.

money laundering, in violation of 18 U.S.C. § 1956(h) (Count 12); and criminal forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). Doc. No. 176.

In May 2017, pursuant to a written plea agreement, Mr. Munford pled guilty to the above drug and money laundering conspiracy counts. Doc. No. 379. In December 2017, the Court sentenced Mr. Munford to 150 months' imprisonment to be followed by five years of supervised release. Doc. No. 471, at 2. Mr. Munford is currently serving his sentence at FCI Loretto with an anticipated release date of November 2028. He has served approximately 44 months and has credit for good time conduct of four months, for a total time credit of approximately 48 months. Doc. No. 828, at 7. Mr. Munford has committed three disciplinary infractions while in custody. In 2018, he failed to attend GED classes and was absent from an assignment. In early 2020, he possessed a hazardous tool. Doc. No. 771, at 5.

## II.     Mr. Munford's Requests for Compassionate Release

On July 29, 2020, Mr. Munford submitted a request for compassionate release to his facility's warden. His request was based on two medical conditions: Type 2 diabetes and a body mass index (BMI) of 43.3, and the risk presented should he contract COVID-19. The warden denied Mr. Munford's request on August 3, 2020.

In early September 2020, Mr. Munford submitted a *pro se* motion for compassionate release based on the same conditions listed above. Doc. No. 737. Two months later, Mr. Munford filed a second motion for compassionate release additionally claiming that his wife had contracted COVID-19 and had been hospitalized for multiple days. Doc. No. 763, at 5. As a result, he asserted that he was the only available caregiver for his minor child. *Id.*

Mr. Munford's BOP medical records show that he is now 33 years old, with Type 2 diabetes and a BMI in the range of 40.0-44.9. Doc. No. 829, at 35. These conditions appear appropriately

2

controlled, and Mr. Munford receives diabetes medication from his institution. *Id.* at 7. Mr. Munford is otherwise fully ambulatory and engages in all normal activities of daily living. Doc. No. 771, at 6. Notably, Mr. Munford contracted COVID-19 in late November 2020. He remained asymptomatic and is now deemed recovered. *Id.* The Court denied Mr. Munford's motions on January 12, 2021 based on his failure to present an extraordinary and compelling reason and failure to show how early release would align with the statutory sentencing factors, particularly the seriousness of his offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar criminality. Doc. No. 782.

Since the denial of his first round of motions for compassionate release, Mr. Munford has received the first and second doses of the Pfizer vaccine on March 10 and March 31, 2021. Doc. No. 828, at 2. Mr. Munford submitted three more letters requesting compassionate release filed on June 29, 2021, September 8, 2021, and October 28, 2021. Doc. Nos. 808, 824 & 835. In his recent letters, Mr. Munford asserts that he has not received eye glasses, Doc. No. 808, at 1, and lacks care for a skin rash covering approximately 60 percent of his body, Doc. No. 824, at 1.

## Legal Standard

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). But a court can reduce a sentence for "extraordinary and compelling reasons," including a prisoner's medical condition. 18 U.S.C. § 3582(c)(1)(A)(i). For a non-terminal illness, the court must find that the prisoner has "a serious physical or medical condition . . . from which

he . . . is not expected to recover" "that substantially diminishes [his] ability" to care for himself in prison. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).[2]

A court considers multiple factors under 18 U.S.C. § 3553(a), including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

The court must also consider relevant policy statements from the United States Sentencing Commission. § 3582(c)(1)(A). Thus, before reducing the sentence, the court needs to find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

On all these considerations, the prisoner bears the burden of proof. *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020). In addition, he must show that he "fully exhausted" his administrative remedies within the prison. § 3582(c)(1)(A).

## DISCUSSION

The only relevant factual development since this Court previously denied Mr. Munford's motion for compassionate release is that Mr. Munford has received both doses of the Pfizer COVID-19 vaccine. Though Mr. Munford and the government do not address whether his July 29, 2020 request for compassionate release to his facility's warden establishes administrative exhaustion for his new motion, the Court need not address this issue because the motion fails on

---

[2] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release. Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

4

the merits. To the extent Mr. Munford seeks to submit letters to this Court questioning the decision not to grant compassionate release on purportedly new grounds, he should first pursue the administrative process required by 18 U.S.C. § 3582(c)(1)(A).

## I. Mr. Munford has not shown that he is at severe risk

While Mr. Munford continues to criticize the quarantine and mask policies at his correctional facility, Doc. No. 835, at 1, he has received a vaccine that is highly effective against COVID-19 and current variants. Shaun J. Grannis et al., *Interim Estimates of COVID-19 Vaccine Effectiveness Against COVID-19–Associated Emergency Department or Urgent Care Clinic Encounters and Hospitalizations Among Adults During SARS-CoV-2 B.1.617.2 (Delta) Variant Predominance*, 70 Morbidity & Mortality Weekly Report 1291, 1292 (2021). "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Munford raises no new underlying medical conditions that would change this Court's assessment of the fact that his health conditions do not rise to the level of risk that would constitute an extraordinary and compelling justification.

Mr. Munford also raises concerns about other aspects of his medical care. Specifically, he objects to the delayed receipt of his eyeglasses and seeks treatment of his skin rash, diagnosed as dermatitis. Both conditions have since been addressed, Doc. No. 828, at 6, but Mr. Munford asserts in his most recent communication that his rash is worse, Doc. No. 835, at 2. Neither condition raises an extraordinary or compelling basis for compassionate release.

## II. The sentencing factors counsel against releasing Mr. Munford

Even if Mr. Munford presented extraordinary and compelling reasons warranting his compassionate release, consideration of the § 3553(a) factors still necessitates a denial of Mr.

Munford's motion. He has failed to show how releasing him before he serves the full term (or a much more significant portion) of his sentence would align with the statutory sentencing factors, notably the seriousness of his offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar criminality. 18 U.S.C. § 3553(a).

Mr. Munford was a key participant in a significant drug trafficking organization. He conspired, among other things, to distribute a substantial amount of cocaine and marijuana, and to launder money. Doc. No. 771, at 14. These crimes were committed while Mr. Munford was under supervision in two state cases. *Id.* While the Court certainly commends Mr. Munford for completing several programs while incarcerated and his mental and emotional changes, it is clear on an objective basis that he still continues to present a danger to the community. Doc. No. 835, at 2.

Mr. Munford challenges the fairness of his sentence based on the compassionate release of, or lower sentences for, certain co-defendants who were "big hitters" in the conspiracy. *Id.* "A criminal defendant has no constitutional right to receive the same sentence as his co-defendants." *United States v. Harder*, 759 F. App'x 117, 120 (3d Cir. 2018). Disparities are to be expected when there are material differences between codefendants. *United States v. Rosado*, 321 F. App'x 198, 203 (3d Cir. 2009). By his own admission, one of the co-defendants in question had a serious medical crisis. Doc. No. 835, at 2. Mr. Munford recognizes that he is the only person among his purported comparators who did not cooperate with the government. *Id.* at 1–2. While Mr. Munford negatively frames his co-defendants' cooperation as "bury[ing] [some]one deeper", cooperation with the government is a valid basis for downward departure from the sentencing guidelines. U.S.S.G. § 5K1.1.

In continuing to promote his pride over not cooperating with the government, Mr. Munford undermines his own case. Mr. Munford's crimes were serious, and an early release would not provide just punishment or serve as a deterrent to others. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (noting district court reasonably concluded early release not warranted where defendant's "crimes were extraordinarily serious" and required "a significant period of incarceration") (internal quotation marks omitted). Thus, the § 3553(a) factors continue to necessitate a denial of Mr. Munford's requests for compassionate release.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Munford's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE